# MEYERS FRIED-GRODIN, LLP

EMPIRE STATE BUILDING
350 FIFTH AVENUE, 59TH FLOOR
NEW YORK, NY 10118

_____

Jonathan Meyers, Esq.
Direct Dial:  (646) 596-1292
E-mail Address:  JMeyers@MfgLegal.com

**Via ECF Filing** September 10, 2013

Honorable Leonard D. Wexler
United States District Court
Eastern District of New York
Long Island Courthouse
944 Federal Plaza
Central Islip, NY 11722

**Re:** *Lama v. Malik et al*
**Docket No. cv-13-2846 (LDW)(ARL)**

Honorable Judge Wexler:

    I write in response to Your Honor's request, at the pre-motion conference held on September 4, 2013, to address the issue of whether this Court has jurisdiction over the issue of the ability of Plaintiff to challenge Defendant Shammi Malik's bankruptcy discharge.

    In sum, the Bankruptcy court has exclusive jurisdiction over any claims for intentional wrongs that Plaintiff alleges.  This rule is articulated in *Casey v. Mohamed*, 323 B.R. 834, 836 (S.D.N.Y. 2005):

> Whether a claim is excepted from discharge under Section 523(a)(6), however, is a matter solely within the jurisdiction of the Bankruptcy Court. *Adam Glass Serv., Inc. v. Federated Dep't Stores, Inc.,* 173 B.R. 840, 843 (E.D.N.Y.1994) ("Bankruptcy courts have exclusive jurisdiction... over those questions of dischargeability arising under subsection[] ... (6) of § 523(a)."); *see also In re Fucilo,* No. 00-36261, 2002 WL 1008935, at *7 (Bankr.S.D.N.Y. Jan. 24, 2002) (same, citing *Adam Glass*).

    *Casey v. Mohamed*, 323 B.R. 834, 836 (S.D.N.Y. 2005).

Honorable Leonard D. Wexler
United States District Court, E.D.N.Y
September 10, 2013
Page 2

The *Casey* court went on to state that "Section 523(c)(1) ... requires a creditor who is owed a debt that may be excepted from discharge under paragraph[] (a) ... (6) ... to initiate proceedings in the bankruptcy court for an exception to discharge." *Id*. at 836 citing 4 *Collier on Bankruptcy* ¶ 523.26[1], at 523-129 (15th ed. rev.2004). This maxim was also succinctly stated in *In re Fucilo,* No. 00-36261, 2002 WL 1008935, at *7 (Bankr.S.D.N.Y. Jan. 24, 2002)("Bankruptcy courts possess exclusive jurisdiction to determine the dischargability of debts under paragraphs (2), (4), (6), and (15) of § 523 a . . .").

Ultimately, the *Casey* court ordered that in order for that plaintiff to continue with his intentional tort claim in District Court, he must first obtain evidence that the Bankruptcy court excepted the claim from discharge under 11 U.S.C. § 523(a)(6). *Casey*, 323 B.R. at 837.

Here, based upon the face Plaintiff's Complaint, it appears that she is attempting to seek recovery for alleged intentional wrongs.[1] Because Bankruptcy code section 523(a)(6) is the means to challenge a bankruptcy discharge based upon alleged intentional wrongs, the claims that Plaintiff asserts against Mr. Malik are the kind that must be brought exclusively before a Bankruptcy court.

Sincerely yours,

Jonathan Meyers

cc via ECF & e-mail:  Diane Krebs, Esq. (Singh Defendants' counsel)
Kuuku Angate Minnah-Donkoh (Singh Defendants' counsel)
Lori Marin, Esq. (Plaintiff's counsel)
Larkin Reynolds, Esq. (Plaintiff's counsel)
Chavi Keeney Nana, Esq. (Plaintiff's counsel)
Amy Tai, Esq. (Plaintiff's counsel)
Isley Drue Markman, Esq. (Plaintiff's counsel)

---

[1] Plaintiff specifically cites 11. U.S.C. § 523(a)(6) in Count Thirteen of her Complaint, as the basis for seeking to set aside Mr. Malik's bankruptcy discharge.