# WILMERHALE

**Lori A. Martin**

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

September 11, 2013

**By ECF**

Honorable Leonard D. Wexler
United States District Court for the
   Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

Re:    *Lama v. Malik,* et al., 2:13-cv-02846-LDW-ARL

To the Honorable Leonard D. Wexler:

Plaintiff submits this short letter in response to the letter filed yesterday by counsel for the Malik Defendants.  Mr. Meyers argues that the jurisdiction of the bankruptcy court to consider the discharge of Mr. Malik's obligations to Ms. Lama is exclusive.  He is in error for two reasons.

First, counsel ignores the statutory exception in 11 U.S.C. § 523(c)(1) for claims that fall under § 523(a)(3)(B).  11 U.S.C. § 523(c)(1) ("Except as provided in subsection (a)(3)(B))…").  When § 523(a)(3)(B) applies, determinations as to dischargeability are not within the exclusive jurisdiction of the bankruptcy court.  Case citations interpreting this section are included in our letter of September 9, 2013.[1]

Second, counsel argues that the Complaint's citation to 11 U.S.C. § 523(a)(6) requires a determination from the bankruptcy court as to whether Ms. Lama's claims were discharged.  However, the Complaint also relies on § 523(a)(3)(B) as the basis for finding that Mr. Malik's debts to Ms. Lama were not discharged in bankruptcy.  *See* Complaint ¶ 164 (Dkt. 1) ("Therefore, this Court has authority to enter the relief requested herein pursuant to 28 U.S.C.

---

[1] Counsel for the Malik Defendants also ignores the court's acknowledgement in *Casey v. Mohamed*, 323 B.R. 834, 836 (S.D.N.Y. 2005), that it had "concurrent jurisdiction with the Bankruptcy Court to determine whether [the plaintiff's] claim survives [the defendant's] bankruptcy discharge under Section 523(a)(3)(B)." *Id.* at 836–37.  In that case, the court ultimately determined that § 523(a)(3)(B) did not apply because, unlike here, the plaintiff had been put on timely notice of the defendant's bankruptcy.

WILMERHALE

Honorable Leonard D. Wexler
September 11, 2013
Page 2

§ 1334 and 11 U.S.C. §§ 523(a)(6), 11 U.S.C. § 523(a)(3)(B), and 11 U.S.C. § 523(c)(l).").[2] The allegations in paragraphs 158 and 164 of the Complaint detail that Mr. Malik failed to schedule debts to Ms. Lama in his voluntary petition for relief and Ms. Lama did not otherwise have notice or actual knowledge of the case in time to file a claim. For these reasons, the claims in the Complaint against Mr. Malik fall within the ambit of 11 U.S.C. § 523(a)(3)(B) and this Court has concurrent jurisdiction to consider this action.

Respectfully submitted,

/s/ Lori A. Martin
Lori A. Martin


cc:     Diane Krebs
        Jonathan Meyers
        Amy Tai

---

[2] Similarly, in the Twelfth Count of the Complaint, Plaintiff cites 11 U.S.C. § 523(a)(2) *as well as* § 523(a)(3)(B). *See* Compl. ¶ 158 ("Therefore, this Court has the authority to enter the relief requested herein pursuant to 28 U.S.C. § 1334 and 11 U.S.C. §§ 523(a)(2), 11 U.S.C. § 523(a)(3)(B), and 11 U.S.C. § 523(c)(l).").

ActiveUS 115710441v.1