WILMERHALE

October 30, 2013

**By ECF**

Lori A. Martin

+1 212 295 6412 (t)
+1 212 230 8888 (f)
lori.martin@wilmerhale.com

Honorable Leonard D. Wexler
United States District Court for the
  Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

Re:   *Lama v. Malik, et al.*, No. 2:13-cv-02846

To the Honorable Leonard D. Wexler:

This firm is counsel to Plaintiff Urmila Lama. We write pursuant to Rule 2.B of Your Honor's Individual Practices to request a pre-motion conference for emergency relief. Plaintiff seeks an order of protection to halt improper threats to her family by Defendants or their agents for the purpose of forcing her to drop this lawsuit. The factual and legal basis for this relief is detailed below.

### *Defendants Have Threatened and Intimidated Plaintiff's Family in an Effort To Secure the Withdrawal of This Action*

On Thursday, October 17, 2013, Angad Singh—the nephew of Defendants Minu Singh and Neeru Malik—arrived at the home of Plaintiff's sister, Sanomaya Tamang, in Nepal. Mr. Singh was accompanied by two men identified as Nepali police officers dressed in civilian clothing. The men demanded to speak to Plaintiff's brother-in-law, Ram Bahadur Tamang, and Plaintiff's nephew, Sanam Tamang ("Plaintiff's Nephew"). The three interrogated Plaintiff's relatives for over an hour and a half. Among other things, these men stated that financial or other harm against the Plaintiff's family could result if Plaintiff failed to drop the lawsuit. When Plaintiff's Nephew responded that he did not have information about this action, Angad Singh instructed Plaintiff's Nephew to obtain that information and come to the home of Pritam Singh (the father of Defendants Minu Singh and Neeru Malik and Plaintiff's former employer, who had gifted Plaintiff's services to Defendants Minu Singh and Harsimran Singh, as part of Ms. Singh's dowry) to report further.

On Tuesday, October 22, 2013, one of the police officers who had accompanied Angad Singh to Ms. Tamang's home phoned the house and spoke to Plaintiff's Nephew. He asked Plaintiff's Nephew whether he had additional information about Ms. Lama and wanted to know whether Ms. Lama was planning to drop the litigation. Plaintiff's nephew responded that he did not have that information.

WILMERHALE

Honorable Leonard D. Wexler
October 30, 2013
Page 2

***Both the Inherent Equitable Powers of This Court to Prevent Abuse, Oppression, and Injustice in Discovery, and the Anti-Retaliation Provisions of the FLSA and the NYLL, Provide This Court with Authority to Enter an Order of Protection***

      This Court's inherent equitable powers

A protective order may be issued "for good cause" to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Protective orders directed against nonparties or over material not obtained in discovery may be issued pursuant to the "inherent equitable powers of courts of law over their own process, to prevent abuses, oppression, and injustices." *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir.1994) (internal citations omitted). "[P]rotective orders are also an appropriate vehicle to prevent interference with potential witnesses." *Disability Rights N.J., Inc. v. Velez*, Civ. No. 10-03950, 2011 WL 2937355, at *4 (D.N.J. July 19, 2011).

Here, Defendants or their relatives have attempted to coerce Plaintiff to drop this suit by threatening her family. A protective order is necessary to halt these improper communications and permit this case to be adjudicated on the merits and before this Court. *See Recinos-Recinos v. Express Forestry, Inc.*, No. Civ.A. 05-1355, 2006 WL 197030, at *8 (E.D. La. Jan. 23, 2006) (holding that where threats had been directed to plaintiff's relatives at their homes in Guatemala, "[a] protective order [was] necessary to halt any improper communications and to diffuse the atmosphere of threats and coercion so as to allow the orderly progress of [the] litigation"); *see also Ben David v. Travisono*, 495 F.2d 562, 564 (1st Cir. 1974) (order appropriate where "plaintiffs reasonably fear retaliation and . . . the court's fact-finding may be materially impaired unless there is provided the tangible protection of a suitable court order"). The Supreme Court has recognized the authority of the district courts to issue orders of protection as part of the courts' equitable powers to supervise litigation and implement the Federal Rules. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders."); *accord In re Zyprexa Injunction*, 474 F. Supp. 2d 385, 413–15 (E.D.N.Y. 2007) (affirming a court's inherent equitable powers to tailor relief "to the circumstances of a particular litigation" and enforce protective orders in the course of discovery), *aff'd sub nom. Eli Lilly & Co. v. Gottstein*, 617 F.3d 186 (2d Cir. 2010).

      *Powers granted by federal and state anti-retaliation statutes*

The anti-retaliation provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") also provide authority to provide protection to Plaintiff. Section 216(b) of the FLSA provides: "Any employer who violates [the FLSA's anti-retaliation provision] shall be liable for such legal or equitable relief as may be

WILMERHALE

Honorable Leonard D. Wexler
October 30, 2013
Page 3

appropriate to effectuate the purposes of [that provision] . . . without limitation . . . ." 29 U.S.C. §216(b). Similarly, section 215(2)(a) of the NYLL states: "An employee may bring a civil action in a court of competent jurisdiction against any employer or persons alleged to have violated the [anti-retaliation provisions of the NYLL]. The court shall have jurisdiction to restrain violations of this section, within two years after such violation, regardless of the dates of employment of the employee, and to order all appropriate relief . . ." N.Y. Lab. Law § 215(2)(a) (McKinney 2011). These equitable provisions provide for the entry of such legal or equitable relief as may be appropriate to effectuate their purpose. *See Bailey v. Gulf Coast Transp., Inc.*, 280 F.3d 1333, 1336-1337 (11th Cir. 2002) ("[P]rimary purpose of the antiretaliation provision [of the FLSA] is to ensure that fear of retaliation does not operate to induce aggrieved employees quietly to accept substandard conditions") (internal quotation marks omitted); *Moore v. Freeman*, 355 F.3d 558, 563 (6th Cir. 2004) ("[Section 216(b)] allows any legal or equitable relief that is appropriate to further the purposes of [FLSA's anti-retaliation provision].").

For the reasons set forth above, Plaintiff respectfully requests a pre-motion conference to so that Plaintiff may move for a protective order. Plaintiff's counsel has conferred with Counsel for all Defendants, but the parties have been unable to secure resolution of this dispute without the intervention of the Court.

Respectfully submitted,

/s/

Lori A. Martin

cc: Counsel of Record (via U.S.P.S. and e-mail)

3