UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
URMILA LAMA,

        Plaintiff,

vs.

JOGINDER ("SHAMMI") MALIK, NEERU
MALIK, KAMALJIT ("MINU") SINGH, and
HARSIMRAN SINGH,

        Defendants.
------------------------------------------------------------- X

Case No.  CV 13-2846 (LDW)(ARL)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE SINGH
DEFENDANTS'
MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

**GORDON & REES, LLP**
ATTORNEYS FOR DEFENDANTS
**KAMALJIT SINGH AND HARSIMRAN SINGH**
90 BROAD STREET, 23RD FLOOR
NEW YORK, NEW YORK 10004
PHONE: (212) 269.5500
FAX:   (212) 269.5505

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ..................................................................................................1

LEGAL ARGUMENT..................................................................................................................1

I.  PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO JUSTIFY INVOCATION OF THE EXTREME DOCTRINE OF EQUITABLE TOLLING IN THIS CASE. .................................................................................................................1

    A.  Plaintiff Has Not Demonstrated That She Acted With Reasonable Diligence........1

    B.  Plaintiff Has Not Demonstrated Extraordinary Circumstances ...............................6

    C.  Alternatively, The Limitations Period For All Plaintiff's Claims Began To Run When She Quit In August 2008. ........................................................................8

II. PLAINTIFF HAS FAILED TO SUBSTANTIATE HER CONVERSION CLAIM. .........9

CONCLUSION.............................................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Desilva v. N. Shore-Long Island Jewish Health Sys.*,
   No. 10-CV-1341 (JFB) (ETB), 2012 U.S. Dist.
   LEXIS 30597 (E.D.N.Y. March 7, 2012) ............................................................. 10

*Diaz v. Kelly*,
   515 F.3d 149 (2d Cir. 2008) ................................................................................. 5

*German v. United States*,
   209 F. Supp. 2d 288 (S.D.N.Y. 2001) ................................................................... 6

*Gunawan v. Sake Sushi Rest.*,
   897 F. Supp. 2d 76 (E.D.N.Y. 2012) ..................................................................... 7

*Huang v. United States*,
   No. 03-cv-3755 (RPP), 2003 U.S. Dist.
   LEXIS 17409 (S.D.N.Y. Oct. 2, 2003) ................................................................... 6

*Jacobsen v. Stop & Shop Supermarket Co.*,
   No. 02-civ-5915 (DLC), 2004 U.S. Dist.
   LEXIS 17031 (S.D.N.Y. Aug. 27, 2004) ................................................................ 7

*Leon v. Pelleh Poultry Corp.*,
   No. 10-civ.-4719, 2011 U.S. Dist.
   LEXIS 118350 (S.D.N.Y. Oct. 13, 2011) ............................................................... 7

Mendez v. Artuz,
   No. 99-Civ-2472 (DLC), 2000 U.S. Dist.
   LEXIS 9958 (S.D.N.Y. July 19, 2000) ................................................................... 6

*Ortiz v. Greiner*,
   No. 01-civ-8233 (DLC), 2002 U.S. Dist.
   LEXIS 2990 (S.D.N.Y. 2002) ................................................................................ 6

*Pace v. DiGulielmo*,
   544 U.S. 408 (2005) ............................................................................................. 1

*Patraker v. Council on the Env't of New York City*,
   No. 02 Civ. 7382 (LAK), 2003 U.S. Dist.
   LEXIS 20519 (S.D.N.Y. Nov. 17, 2003) ................................................................ 7

*Peters Griffin Woodward, Inc. v. WCSC, Inc.*,
   452 N.Y.S.2d 599 (1st Dep't 1982) ..................................................................... 10

Quezada v. Artuz,
   No. 98-civ-2593 (NG), 2001 U.S. Dist.
   LEXIS 18405 (E.D.N.Y. Oct. 17, 2001) ................................................................. 6

*Ramirez v. CSJ & Co.*,
   No. 06 Civ. 13677 (LAK), 2007 U.S. Dist.
   LEXIS 28901 (S.D.N.Y. Apr. 3, 2007) ................................................................................7

*Ramirez v. Rifkin*,
   568 F. Supp. 2d 262 (E.D.N.Y. 2008) ...............................................................................7

*Smith v. McGinnis*,
   208 F.3d 13 (2d Cir. 2000) ............................................................................................2, 3

*United States v. Kubrick*,
   444 U.S. 111 (1979).............................................................................................................4

*United States v. Sabhnani*,
   566 F. Supp. 2d 139 (E.D.N.Y. 2008),
   *rev'd on other grounds*, 599 F. 3d 215 (2d Cir. 2010) ................................................7

*Upadhyay v. Sethi*,
   No. 10 Civ. 8462 (NRB), 2012 U.S. Dist.
   LEXIS 107084 (S.D.N.Y. July 31, 2012) ..............................................................1, 2, 4, 7, 8

*Wallace v. Kato*,
   549 U.S. 384 (2007)........................................................................................................1, 8

*Yoke Yew Tan v. Bennett*,
   Case No. 00-civ-6413 (GEL), 2001 U.S. Dist.
   LEXIS 10197 (S.D.N.Y. 2001) .............................................................................................6

*Yu G. Ke v. Saigon Grill, Inc.*,
   595 F. Supp. 2d 240 (S.D.N.Y. 2008) ................................................................................7

*Zerilli-Edelglass v. New York City Transit Auth.*,
   333 F.3d 74 (2d Cir. 2003) ............................................................................................1, 6

## PRELIMINARY STATEMENT

Plaintiff does not dispute that all of her claims were filed long after the applicable statutes of limitations expired. Yet her opposition to Defendant's Motion to Dismiss ("Pl. Opp.") does not offer any legitimate basis to allow her to proceed with her claims against the Singh Defendants. Rather, Plaintiff simply demands that this Court invoke the extreme doctrine of equitable tolling based upon allegations that have been flatly rejected by the courts of this jurisdiction as sufficient to justify such relief. Moreover, Plaintiff has also failed to substantiate a claim on the merits against the Singh Defendants for conversion. This Court should thus grant the Singh Defendants' Motion to Dismiss all claims asserted against the Singh Defendants.

## LEGAL ARGUMENT

I. **PLAINTIFF HAS NOT PLED SUFFICIENT FACTS TO JUSTIFY INVOCATION OF THE EXTREME DOCTRINE OF EQUITABLE TOLLING IN THIS CASE.**

"Equitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007). In order to determine whether the doctrine of equitable tolling is applicable in any given matter,

> a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has "acted with reasonable diligence during the time period she seeks to have tolled," and (2) has proved that the circumstances are so extraordinary that the doctrine should apply.

*Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (citation omitted). Both of these elements must be established by the plaintiff before the doctrine of equitable tolling may be invoked in any given matter. *See, e.g., Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005). Here, Plaintiff has established neither.

A. **Plaintiff Has Not Demonstrated That She Acted With Reasonable Diligence.**

"Before a statute of limitations may be tolled, a court must determine ... that the plaintiff exercised diligence in discovering her claims." *Upadhyay v. Sethi*, No. 10 Civ. 8462 (NRB), 2012 U.S. Dist. LEXIS 107084, at *7-8 (S.D.N.Y. July 31, 2012). Importantly, in order for a plaintiff to satisfy this particular prong, "she must have exercised diligence in pursuing the discovery of her claim *during the entirety of the period she seeks to have tolled*." *Smith v.*

1

*McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (citations omitted) (emphasis added). "Thus, when a party has failed to acquire the knowledge or documents necessary to bring suit because of its own delinquency, equitable tolling is not an appropriate remedy." *Id.*

In this case, Plaintiff's Amended Complaint forecloses the prospect of Plaintiff satisfying reasonable diligence. First, Plaintiff claims she "expected to be fairly compensated for the work she undertook in the Long Island House," Ex. 1 at ¶ 43, but she did not make even a single attempt to communicate that "expectation" to the Singh Defendants, or otherwise confirm whether they shared that understanding; every alleged conversation about compensation was with the Malik Defendants. Ex. 1 at ¶¶ 18-53. At no point are the Singh Defendants even alleged to have solicited Plaintiff's services or promised to compensate her for the work she allegedly performed for them. *See* Ex. 1, at ¶¶ 18-24, 40-53. Yet, ***not once*** during this four year period does Plaintiff allege that she ever demanded compensation from the Singh Defendants or even asked them whether they considered her their employee and/or intended to pay her. *Id.* Moreover, Plaintiff does not allege she made any attempt to follow up with the Singh Defendants regarding compensation from them after they moved out of the Long Island Home in 2000. *Id.* In other words, according to her own allegations, Plaintiff did not ask either of the Singh Defendants before or after they moved out of the Long Island House whether they were going to pay her for the alleged services she performed while they resided there. *Id.* On this basis alone, Plaintiff cannot be said to have "exercised diligence in pursuing the discovery of her claim during the entirety of the period she seeks to have tolled" as far as the Singh Defendants are concerned. *Upadhyay*, 2012 U.S. Dist. LEXIS 107084 at *7-8.

The same is true for the two trips Plaintiff allegedly took to visit the Singh Defendants in Arizona in 2002 and 2006. *See* Ex. 1 at ¶¶ 40-43. Plaintiff did not inform either of the Singh Defendants that she expected to be compensated by them for work she allegedly performed while visiting or even ask them whether such compensation would be forthcoming. *Id.* Notably, Plaintiff does not even allege that she asked either of them on either of these visits for the alleged compensation she claims was owed by them for the period between 1996 and 2000, even though,

2

according to Plaintiff, such compensation would have been years overdue by those visits.

In fact, according to her own allegations, Plaintiff did not perform any real due diligence with the Malik Defendants either. She simply alleges that on a few, sporadic occasions between 1996 and 2008, the Malik Defendants told Plaintiff they would pay her for her services and/or were making such payments to Plaintiff's family in Nepal. *See* Ex. 1 at ¶¶ 48-513. Yet, over the course of this 12 year period, she does not allege that she performed even one act designed to uncover the amount of compensation that had been paid to her or her family members and/or whether that amount comported with state and federal wage and hour laws. Under these circumstances, it would border on absurd to suggest that the allegations set forth in Plaintiff's Amended Complaint are sufficient to plausibly suggest that Plaintiff "acted with reasonable diligence throughout the period [s]he seeks to toll." *Smith*, 208 F.3d at 17. It should go without saying that "reasonable diligence" is not the legal equivalent to "performing no action." Yet, at the end of the day, that is precisely what Plaintiff is asking this Court to hold in this matter.

In her opposition papers, Plaintiff offers three explanations for her complete lack of reasonable diligence: (1) she was misled by the Malik Defendants as to the amount she was making and, therefore, never had reason to believe that she was not being paid lawfully; (2) because she was kept isolated by the Malik Defendants, she was not aware of her legal rights; and (3) her inability to speak English basically excuses her failure to satisfy this element altogether. None of these arguments hold any weight.

Plaintiff's first argument does not justify equitable tolling for two reasons. First, her assertion that the Malik Defendants misled her as to her amount of compensation is refuted by her express allegations; Plaintiff specifically avers that "[o]n several occasions during Ms. Lama's tenure, Defendant Shammi Malik warranted that Ms. Lama would be paid a certain sum [and] ... *the amounts quoted were far below a legal wage* ..." Ex. 1 at ¶ 49 (emphasis added). Thus, Plaintiff, herself, concedes that she was armed with the critical facts – she would be compensated at an allegedly unlawful amount – and simply took no action. Second, this argument has nothing to do with the compensation Plaintiff is seeking from the Singh

3

Defendants for work she allegedly performed for their benefit. Notably, Plaintiff does not allege that any such "misrepresentations" were made by the Singh Defendants to Plaintiff; nor does she allege that the Malik Defendants expressed or implied to Plaintiff that such representations were being made on behalf of the Singh Defendants. Thus, this argument cannot justify tolling the statutes of limitations on Plaintiff's claims against the Singh Defendants.

Plaintiff's second argument is equally devoid of merit, as it is ultimately premised upon this Court adopting a proposition expressly discredited by the Supreme Court. Even if Plaintiff's allegations regarding her isolation were true, she does not allege that it prevented her from learning the facts giving rise to her claim. *See* Ex. 1 at ¶ 49. Rather, once Plaintiff's argument is stripped of its rhetoric, it is apparent Plaintiff is actually asserting that her isolation prevented her from discovering the *law* upon which her claims are based. However, contrary to that which is implied in Plaintiff's opposition papers, this standard is not based on the date on which a plaintiff learns of the *law* on which her claim is based – it is tied to the date on which she receives actual or constructive knowledge of the foundational *facts*.

> We are unconvinced that for statute of limitations purposes a plaintiff's ignorance of his legal rights and his ignorance of the fact of his injury or its cause should receive identical treatment... [Where] a plaintiff [is] in possession of the critical facts that he has been hurt and who has inflicted the injury[,] ... [h]e is no longer at the mercy of the latter. There are others who can tell him if he has been wronged, and he need only ask.

*United States v. Kubrick*, 444 U.S. 111, 122 (1979). *See also Upadhyay*, 2012 U.S. Dist. LEXIS 107084 at *7-8 (equitable tolling not permitted beyond date on which plaintiff acquired or should have acquired through reasonable diligence "actual knowledge of the *facts* that comprise her cause of action") (emphasis added). Plaintiff's alleged ignorance of the law is not a defense.

Moreover, this is not a case in which Plaintiff, armed with knowledge of the facts giving rise to her claims, immediately asserted her rights upon being freed from the Malik Defendants' alleged control. Rather, according to her own allegations, even though she possessed knowledge of those facts, upon being freed from her alleged "isolation" in August 2008, Plaintiff still took

4

no action to assert or otherwise discover her rights for at least another four years.[1] Clearly, this alleged control and isolation were not the cause of her delay.

Furthermore, Plaintiff's alleged ignorance of the law does not excuse her failure to take any action to inquire into whether she was being paid or otherwise owed compensation with respect to the Singh Defendants. Even if Plaintiff had absolutely no idea that there was a minimum wage requirement in the United States, she does not allege ignorance of the basic fact that employees receive compensation for work performed. Indeed, she specifically pleads that she was being paid for the work she had performed for Defendants' family in Nepal, prior to her arrival to the United States. Ex. 1 at ¶ 17.

Plaintiff's third argument is even less persuasive. The Second Circuit has explicitly held that a plaintiff's inability to speak English does not eliminate the diligence requirement: "On the contrary, the diligence requirement of equitable tolling imposes on [plaintiff] a substantial obligation to make all reasonable efforts to obtain assistance to mitigate [her] language deficiency." *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008). Of course, this conclusion is eminently logical. To hold otherwise would be tantamount to holding that non-English speaking plaintiffs are not bound by statutes of limitations, even they took no action to help themselves. This result would literally be the antithesis of the doctrine of equitable tolling's intended effect. In this context, the Second Circuit has held that equitable tolling is not appropriate in the absence of allegations "of any efforts to contact anyone … who might assist in making [plaintiffs] aware, in their language, of legal requirements for filing a … [claim], nor what efforts were made to learn of such requirements within their places of confinement." *Diaz*, 515 F.3d at 154. Here, the Amended Complaint does not articulate a single action Plaintiff took between 1996 and July 2012 to contact anyone who could help her understand her rights, even though she alleges that she knew of the facts forming the basis of her claims while employed by the Malik Defendants, and she ultimately quit her job in August 2008 because she felt that her compensation was unfair.

---

[1] This issue is addressed in greater detail in Point I.C below.

5

Ex. 1 at ¶¶ 62, 64.

Although Plaintiff would have this Court believe otherwise, the doctrine of equitable tolling is not a tool that permits a party to file untimely claims years after the limitations period has run based upon her own ignorance of the law and absent any attempt to discover her rights. Here, Plaintiff has not pled facts to plausibly satisfy the first prong of the doctrine of equitable tolling. For that reason, Plaintiff's claims against the Singh Defendants must be dismissed.

### B. Plaintiff Has Not Demonstrated Extraordinary Circumstances

Even if a plaintiff alleges facts that could plausibly support a finding of reasonable diligence (which Plaintiff has not done), she must also demonstrate the existence of "extraordinary circumstances" that prevented her from timely initiating action. *Zerilli-Edelglass*, 333 F.3d at 80-81. In this context, "extraordinary circumstances" include cases in which "the plaintiff actively pursued judicial remedies but filed a 'defective pleading during the specified time period,' ... where plaintiff was unaware of his or her cause of action due to misleading conduct of the defendant[;] ... or where a plaintiff's medical condition or mental impairment prevented her from proceeding in a timely fashion." *Id.* at 80 (citations omitted).

In this case, Plaintiff's entire argument on this prong (other than arguments already addressed above under reasonable diligence)[2] relies upon her allegation that Defendants did not advise Plaintiff of her rights under the FLSA and NYLL to wages greater than those she was

---

[2] With respect to Plaintiff's alleged inability to speak English, in addition to the case law cited above indicating this does not satisfy the first prong, the courts of this Circuit also have held that this does not constitute "extraordinary circumstances." *See, e.g., Yoke Yew Tan v. Bennett*, Case No. 00-civ-6413 (GEL), 2001 U.S. Dist. LEXIS 10197, at *2 (S.D.N.Y. 2001) ("district judges in this Court and elsewhere have unanimously held that lack of English proficiency is insufficient to justify the equitable tolling ... [because] granting equitable tolling for such a common problem would frustrate the objectives of the limitations provision") (citations omitted); *Quezada v. Artuz*, No. 98-civ-2593 (NG), 2001 U.S. Dist. LEXIS 18405, at *2 (E.D.N.Y. Oct. 17, 2001) (inability to speak English does not qualify as "extraordinary circumstances" that would justify equitable tolling); *German v. United States*, 209 F. Supp. 2d 288, 293 (S.D.N.Y. 2001) (same); *Huang v. United States*, No. 03-cv-3755 (RPP), 2003 U.S. Dist. LEXIS 17409, at *5-8 (S.D.N.Y. Oct. 2, 2003) (same); *Mendez v. Artuz*, No. 99-Civ-2472 (DLC), 2000 U.S. Dist. LEXIS 9958, at *4 (S.D.N.Y. July 19, 2000) (same); *Ortiz v. Greiner*, No. 01-civ-8233 (DLC), 2002 U.S. Dist. LEXIS 2990, at *3 (S.D.N.Y. 2002) (same).

allegedly receiving. *See* Pl. Opp. at pp. 8-12. In support of her argument on this issue, Plaintiff cites to *Leon v. Pelleh Poultry Corp.*, No. 10-civ.-4719, 2011 U.S. Dist. LEXIS 118350 (S.D.N.Y. Oct. 13, 2011), *United States v. Sabhnani*, 566 F. Supp. 2d 139, 145-146 (E.D.N.Y. 2008), *rev'd on other grounds*, 599 F. 3d 215 (2d Cir. 2010), and *Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 259 (S.D.N.Y. 2008).

However, these cases are hardly controlling, as they are inconsistent with the majority approach in this Circuit. Although the question of whether the second element is met whenever an employer fails to provide notice of FLSA rights to its employees is technically an open question in the Second Circuit, *Ramirez v. Rifkin*, 568 F. Supp. 2d 262, 269 (E.D.N.Y. 2008), the majority of courts in this Circuit that have held that an employer's failure to provide such notice does ***not*** constitute the type of "extraordinary circumstances" that justify the invocation of the equitable tolling doctrine. *See, e.g., Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 82 (E.D.N.Y. 2012) (employer's "failure to provide an employee the notice required by the FLSA ... is insufficiently extraordinary ... in the absence of some sort of deception") (citations omitted); *Upadhyay*, 2012 U.S. Dist. LEXIS 107084 at *7-8 ("An employer's failure to tell a plaintiff of her legal rights is not by itself sufficient to justify equitable tolling, ... the employer or some other exceptional circumstance must have actually prevented the exercise of plaintiff's legal rights in some way. ... To hold otherwise would be tantamount to holding that the statute of limitations should be tolled in nearly every wage-and-hour case"); *Ramirez v. CSJ & Co.*, No. 06 Civ. 13677 (LAK), 2007 U.S. Dist. LEXIS 28901, at *3 (S.D.N.Y. Apr. 3, 2007) (refusing to pronounce that the failure to post a notice, in and of itself, warrants equitable tolling); *Jacobsen v. Stop & Shop Supermarket Co.*, No. 02-civ-5915 (DLC), 2004 U.S. Dist. LEXIS 17031, at *12 (S.D.N.Y. Aug. 27, 2004) ("To hold that 'a failure to disclose that an employee is entitled to overtime pay is sufficient to work an equitable toll would be tantamount to holding that the statute is tolled in all or substantially all cases seeking unpaid overtime"); *Patraker v. Council on the Env't of New York City*, No. 02 Civ. 7382 (LAK), 2003 U.S. Dist. LEXIS 20519, at *2 (S.D.N.Y. Nov. 17, 2003) (same).

7

The majority approach on this issue is far more consistent with the underlying nature and rarified scope of the equitable tolling doctrine. *See Wallace, supra*, 549 U.S. at 396. Suggesting that the statute of limitations on a FLSA or NYLL claim is equitably tolled whenever an employer fails to notify its employees of their rights under such statutes essentially advocates a position wherein the exception swallows the rule, since it would result in the limitations period being "tolled in nearly every wage-and-hour case." *Upadhyay*, 2012 U.S. Dist. LEXIS 107084 at *7-8. For precisely this reason, Plaintiff's argument has been rejected by the majority of courts to consider this issue and should be in the instant matter as well.

In sum, Plaintiff has not pled any plausible basis for finding she was subjected to the type of "extraordinary circumstances" that would justify the equitable tolling of her claims against the Singh Defendants. As such, her claims against the Singh Defendants must be dismissed.

### C. Alternatively, The Limitations Period For All Plaintiff's Claims Began To Run When She Quit In August 2008.

Although the Court could ends its analysis concerning timeliness based strictly on the foregoing, an additional observation is warranted: the Amended Complaint does not allege any facts that could conceivably justify applying the equitable tolling doctrine beyond August 2008.

According to Plaintiff, in August 2008, while on a trip in Nepal with the Malik Defendants, the "Malik Defendants told [Plaintiff] she would be paid one million Indian rupees and explained that the payment was to cover all of [her] unpaid earnings … [, which] amounted to approximately $0.41 per hour." Ex. 1 at ¶¶ 60-61. Plaintiff "felt mistreated and taken advantage of by Defendants," quit her job and "refused to return to the United States," never again performing any work for Defendants. *Id.* at ¶¶ 62, 64.

Yet, the Amended Complaint does not allege that Plaintiff took a single action between August 2008 and July 2012 (and did not file this lawsuit until May 2013) to assert her rights against what she perceived to be "mistreatment" concerning her compensation, or even inquire as to what rights she had – even after she returned to the United States in 2009 (*see* Pl. Opp. at p. 11). Plaintiff did not file a lawsuit, contact any regulatory body, or even pick up the telephone

8

and contact an attorney. Based on the case law cited above, Plaintiff clearly did not exercise reasonable diligence following August 2008.

Moreover, Plaintiff has not articulated any basis for believing that, following her separation of employment in August 2008, she was prevented by some "extraordinary circumstances" from pursuing her legal options. Indeed, following her August 2008 trip to Nepal, Plaintiff is not alleged to have any contact with the Singh Defendants, let alone contact that would justify application of the doctrine of equitable tolling. The same is true for the Malik Defendants, whose only alleged actions following the August 2008 trip to Nepal took place in January or February of 2009, and consisted of providing the compensation previously promised, together with her green card and passport, and asking Plaintiff if she would like to come back to work. Ex. 1, ¶¶ 60-66.

Under these circumstances, even if all of Plaintiff's allegations in the Amended Complaint were true (a point vigorously contested by the Singh Defendants), *and* this Court found that the statute of limitations on Plaintiff's claims were equitably tolled during the time she was in the employ of the Malik Defendants, that doctrine would not apply beyond August 2008. By that time, as Plaintiff concedes, she: (a) had been informed of the dollar-for-dollar amount of compensation she would be paid for her services in the United States; (b) had formulated the belief that such payment was unfair; (c) was no longer employed by or residing with the Malik Defendants; and (d) had no further contact with any of the Defendants that could remotely be perceived as restricting her in any way. *Id.* at ¶¶ 60-66. Yet Plaintiff did nothing, for years, to protect or even inquire as to her rights under the law. In short, Plaintiff has literally not offered any basis to justify equitable tolling beyond August 2008, when she allegedly believed she was undercompensated and treated unfairly but took no action whatsoever. *See* Pl. Opp. at pp. 11-12.

## II. PLAINTIFF HAS FAILED TO SUBSTANTIATE HER CONVERSION CLAIM.

Plaintiff's opposition to the Singh Defendants' Motion to Dismiss Plaintiff's conversion claim truly warrants little response. Contrary to what Plaintiff argues in her opposition papers,

her Amended Complaint does not "specifically identify the tangible funds that were converted, but instead seek[s] to enforce an obligation to pay money owed in the form of wages owed." *Desilva v. N. Shore-Long Island Jewish Health Sys.*, No. 10-CV-1341 (JFB) (ETB), 2012 U.S. Dist. LEXIS 30597, at *36 (E.D.N.Y. March 7, 2012). Indeed, the case Plaintiff cites in support of her claim actually dictates dismissal – in that case, the conversion claim based on owed commissions was dismissed because the plaintiff never had possession of the funds. *Peters Griffin Woodward, Inc. v. WCSC, Inc.*, 452 N.Y.S.2d 599, 600 (1st Dep't 1982). Moreover, although Plaintiff claims the wages were somehow identifiable funds because *the Malik Defendants* represented they were saved on her behalf, aside from the fact that this is insufficient to constitute identifiable funds, it certainly does not assist Plaintiff with a conversion claim against *the Singh Defendants*, who are not alleged to have segregated or held any funds for her.

## CONCLUSION

For the foregoing reasons, this Court should grant the Singh Defendants' Motion to Dismiss Plaintiff's claims, dismissing with prejudice all causes of action asserted against the Singh Defendants and for such further relief as this Court deems just and proper.

Dated: New York, New York
      November 12, 2013

Respectfully Submitted,

GORDON & REES, LLP

By:   /s/ *Diane Krebs*
    Diane Krebs, Esq. (DK 8280)
    Vincent M. Avery, Esq. (VA4664)
    Attorneys for the Singh Defendants
    90 Broad Street, 23rd Floor
    New York, New York 10004
    Phone: (212) 269-5500