Jonathan Meyers, Esq.
**MEYERS FRIED-GRODIN, LLP**
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY 10018
(646) 596-1292
JMeyers@MfgLegal.com
Attorneys for Defendants Joginder Malik and Neeru Malik

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

URMILA LAMA,

        Plaintiff,

vs.

JOGINDER ("SHAMMI") MALIK, NEERU MALIK, KAMALJIT ("MINU") SINGH, and HARSIMRAN SINGH,

        Defendants.

Case No. 13-civ-2846 (LDW)(ARL)

---

**THE MALIK DEFENDANTS' MEMORANDUM OF LAW SUPPORTING MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(6)**

---

Of Counsel and on the Brief:
    Jonathan Meyers, Esq.

## **TABLE OF CONTENTS**

**PAGE**

PRELIMINARY STATEMENT ...................................................................................................1

PROCEDURAL HISTORY..........................................................................................................2

LEGAL ARGUMENT..................................................................................................................2

I.     SOME OF PLAINTIFF'S CLAIMS MUST BE DISMISSED IN WHOLE OR IN PART.................................................................................................................................3

    A.     Plaintiff's FLSA Claim Is Completely Time-Barred................................................3

    B.     Plaintiff's Other Wage-Based Claims Are Partially Time-Barred ..........................4

        1.     Plaintiff's NYLL Wage Claims Must Be Partially Dismissed as Untimely............4

        2.     Plaintiff's Unjust Enrichment Claim Must Be Partially Dismissed as Untimely ...............................................................................................................4

        3.     Plaintiff's Conversion Claim Must Be Partially Dismissed as Untimely...............4

        4.     There Is No Basis For Tolling .................................................................................5

        5.     Plaintiff's Wage & Hour Claims Are Insufficiently Pleaded .................................5

    C.     Plaintiff Fails to State a Viable Conversion Claim..................................................6

    D.     Plaintiff Fails to State a Viable Fraud Claim ..........................................................6

    E.     Claims Against Joginder Malik Are Barred by His Bankruptcy Discharge.........7

CONCLUSION..............................................................................................................................9

**TABLE OF AUTHORITIES**

**PAGE**

*CASES*

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678, 129 S.Ct. 1937, 1949, (2009)……………………………………....2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544, 570, 127 S.Ct. 1955, (2007)……………………………….............2-3

*In re Bonnanzio*,
   91 F.3d 296, 300 (2d Cir. 1996)……………………………………………………8

*Cosmas v. Hassett*,
   886 F.2d 8, 11 (2d Cir.1989)………………………………………………………7

*DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.*,
   770 F.Supp.2d 497 (E.D.N.Y. 2011)(JFB)……………………………………..5, 6

*Ehrlich v. Howe*,
   848 F. Supp. 482, 492 (S.D.N.Y. 1994)……………………………………………6

*In re Elevator Antitrust Litig.*,
   502 F.3d 47, 50 (2d Cir.2007)………………………………………………………3

*Garcia v. AKR Corp.*,
   No. 11-cv-6184 (RRM), 2013 U.S. Dist. LEXIS 26610 (E.D.N.Y. Jan. 10, 2013),
   adopted and entered by *Garcia v. AKR Corp.*, 2013 U.S. Dist. LEXIS 25201
   (E.D.N.Y. Feb. 23, 2013)……………………………………………………………4

*Gelfman Int'l Enterprises v. Miami Sun Int'l Corp.*,
   No. 05-cv-3826 (CPS)(RML), 2009 U.S. Dist. LEXIS 64274 at *19-20 n. 15
   (E.D.N.Y. June 27, 2009)……………………………………………………………4

*Gordon v. Kaleida Health*, no. 08-cv-00378S(F),
   2012 U.S. Dist. LEXIS 10057 at *44-45 (W.D.N.Y. July 19, 2012)………………6

*Lundy v. Catholic Health Sys. of Long Island*,
   711 F.3d 106 (2d Cir. 2013)………………………………………………………5

*Mabry v. Neighborhood Defender Service*,
   769 F. Supp.2d 381, 390 (S.D.N.Y. 2011)…………………………………………3

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   nos. 10-cv-2661 (PAC), 10-cv-2662 (PAC), 10-cv-2683 (PAC), 10-cv-3247 (PAC),
   2011 WL 321186 (S.D.N.Y. Jan. 28, 2011)…………………………………….5,6

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
   No. 11-0734 (2d Cir. July 11, 2013)..................................................................7

*Orr v. Marcella (In re Marcella)*,
   463 B.R. 212 (Bankr. D. Conn. 2011)..................................................................8

*In re Persechino*,
   423 B.R. 1, 3 (Bankr.D.Conn.2010)..................................................................8

*Sampson v. Medisys Health Network, Inc.*,
   no. 10-cv-1342 (SJF)(ARL), 2011 WL 579155 (E.D.N.Y. Feb. 8, 2011)................5, 6

*Smith v. McGinnis*,
   208 F.3d 13, 17 (2d Cir. 2000)..................................................................5

*Swierkiewicz v. Sorema*, N.A.,
   534 U.S. 506, 122 S.Ct. 992, (2002)..................................................................3

*Vigilant Insurance Co. of America v. Housing Auth. of the City of El Paso, Texas*,
   87 N.Y.2d 36, 44-45 (1995)..................................................................4

*Voyatzoglou v. Hambley (In re Hambley)*,
   329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005)..................................................................8

*Wolman v. Catholic Health Sys. of Long Island, Inc.*,
   no 10-cv-1326 (JS)(ETB)(E.D.N.Y. Dec. 30, 2010)..................................................................5

*Zerilli-Edelglass v. New York City Transit Auth.*,
   333 F.3d 74, 80 (2d Cir.2003)..................................................................5

## *STATUTES*

11 U.S.C. § 362..................................................................7, 8

11 U.S.C. § 523(a)(6)..................................................................8

11 U.S.C. § 727..................................................................7, 8

29 U.S.C. § 255(a)..................................................................3

NYLL § 663(3)..................................................................4

N.Y. C.P.L.R. § 213..................................................................4

## *RULES*
Fed.R.Civ.P 9(b)..................................................................................1, 6, 7

Fed.R.Civ.P 12(b)(b)............................................................................2, 3, 5

## **PRELIMINARY STATEMENT**

Defendants Joginder Malik and Neeru Malik (the "Malik Defendants") submit this Memorandum of Law in support of their Motion to Partially Dismiss Plaintiff's Complaint for Failure to State a Claim. Plaintiff alleges that she had worked for the Malik Defendants, performing domestic tasks for them, and that they failed to properly compensate her and treated her in a way that violates a federal anti-salvery statute. Based upon the face of the allegations in Plaintiff's Amended Complaint, it is clear that some of Plaintiff's claims against the Malik Defendants must be dismissed, either in whole or in part.

First, Plaintiff's claim under the Fair Labor Standards Act must be dismissed because it was filed several years past the limitations period. (Third Count of Amended Complaint). Moreover, there is no legitimate basis here for tolling the statute of limitations.

Second, Plaintiff's wage-based claims under the New York Labor Law, for unjust enrichment and conversion that accrued before May 14, 2007, must dismissed because the relevant limitations period is for six years. (Fifth, Sixth, Seventh, Ninth, and Eleventh Counts of Amended Complaint).

Third, all of Plaintiff's wage & hour claims must be dismissed because they fail to provide the specifics necessary under the applicable pleading standard (particularly regarding the identification of the hours, at issue, for which the Malik Defendants allegedly did not properly pay Plaintiff).

Fourth, Plaintiff's conversion claim must be dismissed, on the merits, because black-letter law does not allow for a conversion claim to be actionable where Plaintiff seeks to enforce an obligation to pay money. (Ninth Count of Amended Complaint).

Fifth, Plaintiff's claim for fraud is untenable because it fails to meet the specific pleading requirements of Fed.R.Civ.P 9(b). (Tenth Count of Amended Complaint).

Finally, Plaintiff's claims against Joginder Malik must be dismissed because of his bankruptcy discharge entered on June 2, 2009 – after Plaintiff's claims accrued, but before Plaintiff filed suit.

## PROCEDURAL HISTORY

Plaintiff instituted this action by filing a Complaint dated May 14, 2013. *See* Exhibit A to the Meyers Dec. ("Meyers Dec." refers to the concurrently-filed Declaration of counsel).

Next, Plaintiff amended her Complaint by filing an Amended Complaint, dated September 25, 2013. *See* Exhibit B to Meyers. Dec.

During a pre-motion conference on September 4, 2013, the Court directed counsel for the Malik Defendants and Plaintiff to file letters addressing the issue as to whether this Court, or a bankruptcy court, had jurisdiction to decide the issue of whether Mr. Malik's June 2, 2009 bankruptcy discharge precludes Plaintiff from pursuing her claims against him. The Malik Defendants submitted a letter, dated September 10, 2013 stating their contention that the bankruptcy court must make that decision. Plaintiff submitted two letters on the subject in support of their contention that this Court should make that decision. The Court has not yet ruled on this issue.

Because the Court has not yet issued a ruling on the aforementioned issue, the Malik Defendants have included legal argument, within, addressing the effects of Mr. Malik's bankruptcy, should the Court determine that it (and not the bankruptcy court) should decide whether Plaintiff's claims against Mr. Malik may proceed notwithstanding his bankruptcy discharge.

## LEGAL ARGUMENT

To survive a motion to dismiss under Rule 12(b)(6), Fed.R.Civ.P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, (2007)). " 'Labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,' " rather, a plaintiff must plead "factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965).

In considering a Rule 12(b)(6) motion to dismiss, all non-conclusory factual allegations are accepted as true, *see id.* at 1949–50, and all reasonable inferences are drawn in favor of the plaintiffs. *See, e.g., In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir.2007) (per curiam).

"[I]n employment discrimination cases, the *Iqbal* plausibility standard applies in conjunction with the pleading standards set forth in" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506, 122 S.Ct. 992, (2002). *Mabry v. Neighborhood Defender Service*, 769 F. Supp.2d 381, 390 (S.D.N.Y. 2011). At the pleading stage, a plaintiff is not required to make a *prima facie* case of employment discrimination such as necessary to survive summary judgment. Nonetheless, "a complaint must include ... a plain statement of the claim ... [that] give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998 (internal quotation marks omitted).

For the reasons set forth below, some of Plaintiff's claims are untenable on their face and must be dismissed.

## I.   SOME OF PLAINTIFF'S CLAIMS MUST BE DISMISSED IN WHOLE OR IN PART

### A.   Plaintiff's FLSA Claim Is Completely Time-Barred

In her Amended Complaint, Plaintiff alleges that she left the employ of the Malik Defendants in August 2008. *See* Exhibit B to Meyers Dec. at ¶¶ 7, 60, 63. Plaintiff's claim under the Fair Labor Standards Act ("FLSA") was filed outside the limitations period. *See* 29 U.S.C. § 255(a). Even if the FLSA's normal two-year statute of limitations could be extended to three years for willful misconduct, in this case, it would make no difference. The Complaint was filed on or about May 14, 2013 – approximately <u>five years</u> after she left the Malik Defendants' employ. Consequently, under any conceivable scenario, Plaintiff's FLSA claim is time-barred.

3

### B. Plaintiff's Other Wage-Based Claims Are Partially Time-Barred

Plaintiff's three state law-based wage & hour-related causes of action are partially time-barred.

#### *1.   Plaintiff's NYLL Wage Claims Must Be Partially Dismissed as Untimely*

Plaintiff's wage-based claims under the New York Labor Law ("NYLL") – in the Fifth, Sixth, Seventh, and Eighth Counts of her Amended Complaint – are partially barred because the applicable statute of limitations is six years. NYLL § 663(3); *Garcia v. AKR Corp.*, No. 11-cv-6184 (RRM), 2013 U.S. Dist. LEXIS 26610 at * 6-7 (E.D.N.Y. Jan. 10, 2013), adopted and entered by *Garcia v. AKR Corp.*, 2013 U.S. Dist. LEXIS 25201 (E.D.N.Y. Feb. 23, 2013).  Accordingly, given the May 14, 2013 filing of Plaintiff's Complaint, the farthest back that Plaintiff's NYLL claims can reach is May 14, 2007. Consequently, Plaintiffs' decades-spanning NYLL claims must be dismissed for the entire time period prior to May 14, 2007.

#### *2.   Plaintiff's Unjust Enrichment Claim Must Be Partially Dismissed as Untimely*

The limitation period for filing an unjust enrichment/quantum meruit claim is six years.  N.Y. C.P.L.R. § 213; *Gelfman Int'l Enterprises v. Miami Sun Int'l Corp.*, No. 05-cv-3826 (CPS)(RML), 2009 U.S. Dist. LEXIS 64274 at *19-20 n. 15 (E.D.N.Y. June 27, 2009).  Thus, the farthest back that Plaintiff's unjust enrichment claim can reach is May 14, 2007.  Consequently, it must be dismissed for the entire time period prior to May 14, 2007.

#### *3.   Plaintiff's Conversion Claim Must Be Partially Dismissed as Untimely*

The limitation period for filing a conversion claim is three years.  N.Y. C.P.L.R. § 213; *Vigilant Insurance Co. of America v. Housing Auth. of the City of El Paso, Texas*, 87 N.Y.2d 36, 44-45 (1995). Therefore, because Plaintiff filed her conversion claim well outside the three year deadline, that claim must be dismissed.

4

### 4. *There Is No Basis For Tolling*

There is no basis for Plaintiff to equitable toll the application of the statute of limitations. "Equitable tolling applies only in the rare and exceptional circumstances [in which] exceptional circumstances prevented [plaintiff] from filing . . . on time." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); and *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir.2003)(accord).. As evidenced by the allegations set forth in the Amended Complaint, no such exceptional circumstances are present here. Plaintiff simply waited a very, very long time to file suit.

### 5. *Plaintiff's Wage & Hour Claims Are Insufficiently Pleaded*

In light of the *Iqbal* pleading standard, specific information about a wage & hour claim must be pleaded in the complaint, or the complaint fails as a matter of law and is subject to dismissal on a 12(b)(6) motion. *See DeSilva v. North Shore-Long Island Jewish Health Sys., Inc.* 770 F.Supp.2d 497 (E.D.N.Y. 2011)(JFB) citing *Sampson v. Medisys Health Network, Inc.*, no. 10-cv-1342 (SJF)(ARL), 2011 WL 579155 (E.D.N.Y. Feb. 8, 2011) and *Wolman v. Catholic Health Sys. of Long Island, Inc.*, no. 10-cv-1326 (JS)(ETB)(E.D.N.Y. Dec. 30, 2010). *See also Lundy v. Catholic Health Sys. of Long Island*, 711 F.3d 106 (2d Cir. 2013)(applying the *DeSilva*-style application of *Iqbal* analysis to FLSA cases circuit-wide).

More particularly, *DeSilva* stands for the proposition that, in a wage and hour case, the plaintiff must do more than make a conclusory, wide-spanning allegation that she worked hours for which she was not properly compensated. Instead, the plaintiff must allege when the unpaid wages were earned and identify the number of hours allegedly worked without proper compensation – "the heart of the claim." *Id.* citing *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, nos. 10-cv-2661 (PAC), 10-cv-2662 (PAC), 10-cv-2683 (PAC), 10-cv-3247 (PAC), 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011).

Here, Plaintiff has not specified either the frequency or the duration of the hours that she worked without overtime compensation or minimum wage compensation. She simply makes blanket and sweeping statements to the effect that she worked a lot over the course of many years, spanning decades (from 1991 to 2008), and provides no particularity. *See* Exhibits A & B to Meyers Dec. Thus, just like the *DeSilva*, *Sampson*, and *Nakahata* complaints, Plaintiff's Amended Complaint here is similarly defective, and consequently, her FLSA and NYLL claims (and unjust enrichment claim) must be dismissed.

C. **Plaintiff Fails to State a Viable Conversion Claim**

To articulate a viable fraud claim, the plaintiff must have ownership, possession, or control over the property at issue before its conversion. *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, nos. 10-cv-2661 (PAC), 10-cv-2662 (PAC), 10-cv-2683 (PAC), 10-cv-3247 (PAC), 2011 WL 321186 (S.D.N.Y. Jan. 28, 2011). Here, it is evident from the Amended Complaint, that Plaintiff did not have ownership, possession, or control over either a green card, or funds, before the Malik Defendants allegedly converted them. Simply put, Plaintiff does not allege that she had something herself, that the Malik Defendants took from her. Thus, her claim is untenable.

Next, a conversion claim cannot be sustained to enforce an alleged obligation to pay money (not even for alleged unpaid wages). *Gordon v. Kaleida Health*, no. 08-cv-00378S(F), 2012 U.S. Dist. LEXIS 10057 at *44-45 (W.D.N.Y. July 19, 2012); *Ehrlich v. Howe*, 848 F. Supp. 482, 492 (S.D.N.Y. 1994). As such, Plaintiff's conversion claim fails.

D. **Plaintiff Fails to State a Viable Fraud Claim**

Fed.R.Civ.P 9(b) requires that a fraud claim be pleaded with specificity. "Pursuant to this higher pleading standard, the 'complaint must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiffs contend the statements were fraudulent,

6

state when and where the statements were made, and identify those responsible for the statements.'" *McLaughlin v. Anderson,* 962 F.2d 187 (2d Cir.1992) citing *Cosmas v. Hassett,* 886 F.2d 8, 11 (2d Cir.1989).

Because allegations of fraud are subject to a heightened pleading standard, "a party must state with particularity the circumstances constituting fraud," Fed. R. Civ. P. 9(b), which we have repeatedly held requires the plaintiff to "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.,* No. 11-0734 (2d Cir. July 11, 2013).

Although Plaintiff's Amended Complaint makes generalized and conclusory references to "misrepresentations," it lacks the specificity required. Consequently, the fraud claim must be dismissed.

### E. Claims Against Joginder Malik Are Barred by His Bankruptcy Discharge

In the Amended Complaint, Plaintiff acknowledges that Defendant Joginder Malik filed for bankruptcy on February 12, 2009, and he received a discharge on June 2, 2009. *See* Exhibit B to Meyers Dec. at ¶¶ 69, 71. By filing for bankruptcy, Mr. Malik received the protections of the automatic stay (11 U.S.C. § 362), and the continuing protections of his discharge (11 U.S.C. § 727).

Mr. Malik could not have scheduled any debts owing to Plaintiff because he could not know of any (as is evident from the emphasis that Plaintiff makes in her Amended Complaint about her years-long delay in filing her lawsuit). Indeed, Plaintiff does not allege that she: (i) filed a proof of claim in Mr. Malik's bankruptcy proceedings; or (ii) informed Mr. Malik of her claims until the instant lawsuit was filed in May, 2013 (<u>years</u> after she alleges that she stopped working for Defendants and <u>decades</u> after so many of the underlying facts that give rise to her claims allegedly occurred).

In sum, under the factual scenario set forth in the Amended Complaint, Plaintiff could and should have informed Mr. Malik of her claims years before he filed his bankruptcy so that he could have had the opportunity to include them in his schedule of debts. There is no basis in law for rewarding Plaintiff for having, instead: (i) sat on her rights; (ii) kept her claims secret for decades; and (iii) sprung them on Mr. Malik years later. Accordingly, Mr. Malik is entitled to the protections of the bankruptcy automatic stay and discharge of debts pursuant to 11 U.S.C. § 362 and 11 U.S.C. § 727.

Next, Plaintiff's Amended Complaint fails to allege the kind of fraud or malice necessary to overcome these bankruptcy protections. Indeed, the allegations reflect a failure to properly pay wages – and not a taking of property away from Plaintiff, as is required for a fraud claim to overcome the protections of a discharge. *Voyatzoglou v. Hambley (In re Hambley)*, 329 B.R. 382, 396 (Bankr. E.D.N.Y. 2005).

Moreover, case law in the Second Circuit holds that a failure to pay wages to employees does not trigger an exception to the protections of discharge and is not "willful and malicious" within the meaning of 11 U.S.C. § 523(a)(6). *Orr v. Marcella (In re Marcella)*, 463 B.R. 212 (Bankr. D. Conn. 2011). This is consistent with the axiom that "exceptions to discharge are strictly and narrowly interpreted so as to promote the Bankruptcy Code's purpose of providing a fresh start to debtors." *Ibid* citing *In re Persechino*, 423 B.R. 1, 3 (Bankr.D.Conn.2010) and *In re Bonnanzio*, 91 F.3d 296, 300 (2d Cir. 1996).

Because Mr. Malik has the benefit of a bankruptcy discharge that was entered after Plaintiff's claims allegedly accrued, and because no exceptions to discharge apply, Plaintiff's claims against Mr. Malik must be dismissed in their entirety.

## **CONCLUSION**

For the reasons set forth above: (i) Plaintiff's claim under the Fair Labor Standards Act is completely time-barred and must be dismissed in its entirety (Third Count of Amended Complaint); (ii) Plaintiff's wage-based claims under the New York Labor Law, and for unjust enrichment and conversion that accrued before May 14, 2007, must dismissed because the relevant limitations period is for six years (Fifth, Sixth, Seventh, Eighth, Ninth and Eleventh Counts of Amended Complaint); (iii) no conversion claim can be pursued as a matter of law (Ninth Count of Amended Complaint); (iv) the fraud claim is untenable (Tenth Count of Amended Complaint); and (v) all claims against Joginder Malik must be dismissed due to his bankruptcy discharge.

                                        MEYERS FRIED-GRODIN, LLP

Dated: October 9, 2013        By: _____
                                         Jonathan Meyers, Esq.