DIANE KREBS, ESQ.
DKREBS@GORDONREES.COM

**GORDON & REES** LLP

ATTORNEYS AT LAW
90 BROAD STREET, 23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

January 9, 2014

**Via ECF**
Honorable Arlene R. Lindsey, U.S.M.J.
U.S. District Court, Eastern District of New York
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722

Re: *Urmila Lama v. Joginder ("Shammi") Malik, et al.*
Index No. CV-13-2846 (LDW)(ARL)

Dear Judge Lindsey:

We are counsel to Kamaljit Kaur and Harsimran Singh (the "Singh Defendants") in this matter and write in response to Plaintiff's letter dated January 8, 2014. Plaintiff objects to the undersigned's instruction to Ms. Kaur not to answer questions during her deposition regarding (a) the amount of compensation the Singh Defendants paid to individuals who performed babysitting or housekeeping services and (b) the amount of money Ms. Kaur has gratuitously gifted to her sister, co-defendant Neeru Malik, since 2006. However, both of these instructions were proper.

Without question, counsel may direct the witness not to answer a deposition question "(1) when necessary to preserve a privilege, (2) to enforce a limitation on evidence directed by the court, or (3) to protect a witness from an examination being conducted in bad faith or in such a manner as unreasonably to annoy, embarrass, or oppress the deponent or party." *Riddell Sports v. Brooks*, 158 F.R.D. 555, 556-57 (S.D.N.Y. 1994) (citing Fed. R. Civ. P. 30(d)(1) & (3)). With regard to the proper procedure for resolving such disputes, "Rule 37(a)(2)(B) specifically contemplates a motion to compel when a deponent refuses to answer a question, thus suggesting that it is acceptable for the witness to decline to answer and then wait to defend such a motion." *Id.* at 557. Once such a motion has been filed, the party resisting discovery has the burden of establishing "good cause" under Fed. R. Civ. P 26(c), for issuing an order "forbidding inquiry into certain matters or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(D). "The touchstone of the court's power under Rule 26(c) is the requirement of 'good cause.'" *Zyprexa Litig.*, 474 F. Supp. 2d 385, 415 (E.D.N.Y. 2007).

In this case, Ms. Kaur clearly has established "good cause" for prohibiting Plaintiff from inquiring into the amount of compensation the Singh Defendants have paid to individuals who have performed babysitting and housekeeping services for them over the years or the amount of money Ms. Kaur occasionally gifted to her sister, Neeru Malik over the past seven-plus years. First, in both cases, the information sought by Plaintiff is "presumptively" confidential, since it would convey information regarding the personal financial affairs of the Singh Defendants. *See Snider v. Lugli*, No. 10-CV-4026 (JFB)(AKT), 2011 U.S. Dist. LEXIS 127855, at *12-13

(E.D.N.Y. Nov. 4, 2011) (explicitly stating that "an individual has a privacy interest in his or her own personal financial affairs," but holding that such information will be subject to disclosure notwithstanding the "confidentiality of personal financial matters" where it is directly "relevant to the claims and defenses in a federal court action") (citations omitted); *Trudeau v. New York State Consumer Prot. Bd.*, 237 F.R.D. 325, 331-32 (N.D.N.Y 2006) ("courts within the Second Circuit have found personal financial information to be presumptively confidential or cloaked with a qualified immunity") (citations omitted). Second, the amount of compensation that an employer pays to any given employee is generally confidential and will thus only be subject to disclosure when directly relevant to the underlying claims asserted. *See Sidari v. Orleans County*, No. 95-250A, 1997 U.S. Dist. LEXIS 22813 (W.D.N.Y. July 23, 1997) (information regarding defendant's non-party employees not discoverable because not relevant to the underlying claims asserted by plaintiff). Thus, with regard to the amount of compensation the Singh Defendants have paid to babysitters or housekeepers, such information is actually protected by multiple layers of confidentiality.

Ms. Kaur clearly has established a legitimate basis for prohibiting Plaintiff from inquiring into either of these subjects. Plaintiff, however, cannot establish any logical basis for trampling the above-referenced confidentiality concerns. Indeed, neither the amount of compensation the Singh Defendants have paid to individuals who performed babysitting or housekeeping services, nor the amount of money Ms. Kaur gifted to her sister since 2006, has any bearing, directly or indirectly, on any of Plaintiff's claims in this matter. Notably, Plaintiff's letter primarily focuses on a procedural claim that the instruction was improper (which has been demonstrated above to be incorrect), not on providing a solid fact-based foundation demonstrating that this Court should override the Singh Defendants' recognized privacy and confidentiality rights in their financial affairs.

Specifically regarding the first category of inquiry, Plaintiff is not asserting a class-based wage and hour claims on behalf of all babysitters, nor is she seeking to prove that she was discriminated against with evidence that similarly-situated employees outside of a particular class were paid more than she was for the same services. In fact, Plaintiff cannot even assert that she is seeking such information in connection with a punitive damage claim, since no such claim has been (or could be) asserted against the Singh Defendants in this matter. Furthermore, it is undisputed that the Singh Defendants never paid Plaintiff any money (as they claim Plaintiff was never their employee and so never performed services for them). Thus, learning how much they may have paid other individuals for domestic work will provide no basis for comparison or insight into any payments to Plaintiff. In other words, the amount of compensation paid to individuals who have performed babysitting or housekeeping services for the Singh Defendants is not even remotely relevant to any claim or defense asserted in this matter and certainly does not provide a sufficient foundation to override the presumptive privacy interest Ms. Kaur and her husband have in connection with this information (not to mention the financial privacy interests of the non-parties to whom the money was paid).

The same holds true for the amount of money that Ms. Kaur gifted to her sister from time to time since 2006 to try to assist her with financial difficulties. The Singhs' finances are not and have never been at issue in the present case, nor is Ms. Kaur's desire to assist her sister out of love, which has nothing whatsoever to do with Plaintiff (nor has such a link even been asserted). This issue is completely divorced from the positions of the parties in this case. Although Plaintiff blithely asserts that the information is relevant to "the credibility of the Maliks' claims

Honorable Arlene R. Lindsey, U.S.M.J.
January 9, 2014
Page 3

to have regularly paid wages to Ms. Lama," she fails to articulate a proper connection between those two subjects. The testimony already establishes that Ms. Kaur understood her sister to have been having financial difficulties, but there has been no testimony that the money she gave her sister was either intended or utilized for anything relating to Plaintiff (and indeed, Plaintiff ceased employment with the Maliks in 2008 but the question to Ms. Kaur spans 2006 to the present). Moreover, the testimony reveals that Ms. Kaur gave what she could when she could. The dollar figures thus merely shed further light on Ms. Kaur's financial position and her perceptions – that is, what she felt she could afford – not the Maliks'. In short, Plaintiff has not identified any compelling justification as to why disclosure of such information is necessary and should override the Singhs' financial privacy interests.

Consequently, Ms. Kaur (and by extension, Harsimran Singh) has established "good cause" for prohibiting Plaintiff from inquiring into the above-referenced subject matters during their depositions.

Respectfully submitted,

GORDON & REES LLP

/s/ *Diane Krebs*

Diane Krebs

cc: All counsel of record (via ECF)

1089024/18021214v.1