UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
URMILA LAMA,

                          Plaintiff,                     **ORDER**
                                                            CV 13-2846 (LDW)(ARL)

          -against-

JOGINDER SHAMMI MALIK, et al.,

                          Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

        Before the court is the motion of the plaintiff, Urmila Lama ("Lama") seeking leave to take the deposition of non-party Parkash C. Sharma ("Sharma"). Since the defendants have not consented to Sharma's deposition, which will be the eleventh deposition Lama has taken, Lama must obtain leave of court. *See* Fed. R. Civ. P. 30(a)(2). The plaintiff has indicated that the deposition should take approximately one hour to complete. The Malik defendants oppose the motion, cross-move to quash the subpoena and seek a protective order prohibiting the plaintiff from seeking or obtaining any testimony from Mr. Sharma in this case.[1] Mr. Sharma also opposes the motion given the fact that the Maliks have indicated that they will not waive any privilege with respect to conversations they had with him. For the reasons set forth below, Lama's motion for leave to take an eleventh deposition is granted, and the Malik's cross-motion to quash the subpoena and for a protective order is denied.

        Sharma represented the Maliks during a New York State Department of Labor investigation involving Lama's employment. On December 24, 2012, in response to a request for records, Sharma submitted a letter to the Department of Labor indicating that the Maliks had advised his firm that Lama had not worked for them between September 2006 to August 2008. In this matter, Shammi Malik submitted a response to an interrogatory indicating that between January 2005 and August 2008, he paid the plaintiff either $250.00 per week of $500.00 per month. Given this inconsistency, Lama seeks to ask Sharma "whether the Maliks in fact "advised [him] that they 'never employed Urmila Lama for the period 2006 through August 2008.'" Although the court questions the necessity of confirming that Sharma was so advised, the court agrees that the Maliks have waived their privilege with respect to that particular question. Accordingly, the plaintiff's motion is granted. The court will permit Sharma to be interviewed for one hour.

        With respect to the rest of the balance of the applications, the court cannot rule in advance on other questions that may be posed during the deposition. If disputes arise during the

---

[1] The court will not consider the plaintiff's reply to the Malik's opposition to her request to take an eleventh deposition. Pursuant to Local Rule 37.3, replies are not considered on letter motions.

deposition regarding whether or not other information is protected by the attorney-client privilege, Lama may renew her application setting forth the specific question that was asked, the objection that was made, and her basis for believing that the assertion of privilege was not appropriate.

Dated: Central Islip, New York
       March 5, 2014

**SO ORDERED:**

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge