UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| URMILA LAMA,<br><br>                 *Plaintiff*,<br><br>- against -<br><br>JOGINDER ("SHAMMI") MALIK,<br>NEERU MALIK, KAMALJIT ("MINU")<br>SINGH, and HARSIMRAN SINGH,<br><br>                 *Defendants*. | Case No. 13-cv-02846-LDW-ARL |

**PLAINTIFF'S RESPONSE TO THE MALIK DEFENDANTS'
OBJECTION TO MAGISTRATE JUDGE LINDSAY'S MARCH 5, 2014 ORDER**

WILMER CUTLER PICKERING
HALE AND DORR LLP

7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888

*Counsel for Plaintiff Urmila Lama*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ............................................................................................................................ 2

        A.       The Order Should Be Affirmed Unless It Was "Clearly Erroneous or Contrary to Law." ............................................................................................................... 2

        B.       It Was Not "Clearly Erroneous" or "Contrary to Law" for Judge Lindsay to Deny the Maliks' Cross-Motion for a Protective Order. ......................................... 3

        C.       Judge Lindsay's Finding of Waiver Was Not "Clearly Erroneous or Contrary to Law." ............................................................................................................... 4

CONCLUSION ........................................................................................................................ 6

## TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Dove v. Atl. Capital Corp.*,
   963 F.2d 15 (2d Cir. 1992)..................................................................................................3

*Galella v. Onassis*,
   487 F.2d 986 (2d Cir. 1973)................................................................................................3

*Harper v. Gov't Emps., Ins. Co.*,
   826 F. Supp. 2d 454 (E.D.N.Y. 2011) (Wexler, J.) .............................................................2

*In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982*,
   561 F. Supp. 1247 (E.D.N.Y. 1982) ...................................................................................5

*In re Horowitz*,
   482 F.2d 72 (2d Cir. 1973)..................................................................................................5

*In re von Bulow*,
   828 F.2d 94 (2d Cir. 1987)..................................................................................................5

*Penthouse Int'l, Ltd. v. Playboy Enters.*,
   663 F.3d 371 (2d Cir. 1981)................................................................................................3

*Scott v. Dime Sav. Bank*,
   No. 88 Civ. 5495, 1989 WL 140286 (S.D.N.Y. Nov. 16, 1989) .........................................3

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991)..............................................................................................5

*Vill. of Kiryas Joel Local Dev. Corp. v. Ins. Co. of N. Am.*,
   No. 90 Civ. 4970, 1992 WL 15044 (S.D.N.Y. Jan. 17, 1992).............................................5

*Wynder v. McMahon*,
   No. 99 Civ. 772, 2008 WL 111184, at *1 (E.D.N.Y. Jan. 9, 2008) .................................2-3

**RULES**

Fed. R. Civ. P. 26(b)(2)(C) .........................................................................................................2

Fed. R. Civ. P. 30(a)(2)(A)(i) .....................................................................................................1

Fed. R. Civ. P. 72(a) ................................................................................................................1, 2

Plaintiff Urmila Lama hereby submits this response to the Rule 72(a) objection ("Objection") of defendants Shammi and Neeru Malik to Magistrate Judge Lindsay's March 5, 2014 order (the "Order"), in which Judge Lindsay granted Plaintiff's request pursuant to Rule 30(a)(2)(A)(i) for leave to take an 11th deposition and denied the Maliks' cross-motion for a protective order.

## PRELIMINARY STATEMENT

This discovery dispute concerns Plaintiff's effort to take a short deposition of Parkash Sharma, a Manhattan attorney who represented the Maliks in 2012, when the New York State Department of Labor ("DOL") investigated the Maliks' employment of Plaintiff. Judge Lindsay granted Plaintiff leave to take the deposition and rejected the Maliks' cross motion for a protective order. That ruling stands unless it was "clearly erroneous" or "contrary to law." It was not.

In their Objection, the Maliks do not argue that an 11th deposition is excessive or that it seeks irrelevant evidence. Rather, they claim that Judge Lindsay committed clear error by: (1) failing to issue a protective order to prevent the deposition from taking place; and (2) concluding that Mr. Sharma can be questioned about a single attorney-client communication, which he disclosed to the DOL (and thus waived). Because the deposition seeks discoverable evidence apart from the particular attorney-client communication at issue, and because the privilege was waived as to that communication, Judge Lindsay got it right on both points.

First, it was not "clearly erroneous" or "contrary to law" for Judge Lindsay to deny the Maliks' cross-motion for a protective order that would prevent the deposition even from taking place, regardless of whether Plaintiff were to inquire into any attorney-client communications. This is not a "deposition[] of opposing counsel," as the Maliks' Objection suggests and the cases they cite address. Mr. Sharma does not represent the Maliks and has had no involvement in this

1

litigation, and thus Plaintiff need not show that the deposition is "crucial to the case." There was ample basis for Judge Lindsay to conclude that the deposition seeks nonprivileged matter that is relevant to Plaintiff's claims and is not otherwise improper under Rule 26(b)(2)(C).

Second, it also was not "clearly erroneous" or "contrary to law" for Judge Lindsay to conclude that the Maliks waived the attorney-client privilege over the only attorney-client communication about which Plaintiff intends to inquire. The privilege was waived when the Maliks' lawyer, responding on the Maliks' behalf, told the DOL that he "conferred with Shammi and Neeru Malik who advised us that they had never employed Urmila Lama for the period from September 2006 through August 2008." (Copies of the relevant communications with the DOL are attached as Exhibits A and B to the Declaration of Jeremy S. Winer, filed herewith.) That statement may have staved off the DOL investigation, but it also effected a waiver of the privilege regarding what the Maliks in fact told Mr. Sharma. It is also 100% contrary to the position that the Maliks have taken in this lawsuit, where they have admitted under oath that they employed Ms. Lama and claim to have paid her regularly.

There is, in short, no reason to prevent this one-hour deposition from taking place. Judge Linday's Order should be affirmed.

## ARGUMENT

### A. The Order Should Be Affirmed Unless It Was "Clearly Erroneous or Contrary to Law."

The Order concerns a non-dispositive motion to take a deposition, and accordingly should be affirmed unless it was "clearly erroneous or contrary to law." *See, e.g.*, *Harper v. Gov't Emps., Ins. Co.*, 826 F. Supp. 2d 454, 456 (E.D.N.Y. 2011) (Wexler, J.) (Magistrate Judge's order on non-dispositive motion will be overturned "only if [the order] is 'clearly erroneous or contrary to law'") (quoting Fed. R. Civ. P. 72(a)); *see also Wynder v. McMahon*,

2

No. 99 Civ. 772, 2008 WL 111184, at *1 (E.D.N.Y. Jan. 9, 2008) (Rule 72(a) imposes a "highly deferential standard of review" requiring affirmance unless the district court is "left with the definite and firm conviction that a mistake has been committed") (citations omitted).

In assessing a trial court's ruling on a motion for a protective order, the Second Circuit has explained that "[t]he grant and nature of protection is singularly within the discretion of the district court and may be reversed only on a clear showing of abuse of discretion." *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2d. Cir. 1992) (quoting *Galella v. Onassis*, 487 F.2d 986, 997 (2d Cir. 1973)); *see also Scott v. Dime Sav. Bank*, No. 88 Civ. 5495, 1989 WL 140286, at *1 (S.D.N.Y. Nov. 16, 1989) ("in resolving discovery disputes, the Magistrate is afforded broad discretion, which will be overruled only if abused"). If the discovery is relevant, "'the burden is upon the party seeking non-disclosure or a protective order to show good cause.'" *Dove*, 963 F.2d at 19 (quoting *Penthouse Int'l, Ltd. v. Playboy Enters.*, 663 F.3d 371, 391 (2d Cir. 1981)).

> **B.** **It Was Not "Clearly Erroneous" or "Contrary to Law" for Judge Lindsay to Deny the Maliks' Cross-Motion for a Protective Order.**

Judge Lindsay was well within reason and the law in concluding that the Maliks did not meet their burden for a protective order. The information that Plaintiff seeks—evidence that the Maliks have previously taken a position that is 100% inconsistent with their sworn statements in this lawsuit concerning whether they employed Plaintiff and what they paid her—is plainly relevant to her claims. Plaintiff is entitled to show at trial that the Maliks' forestalled a DOL investigation into the very employment practices at issue in this lawsuit by having their former lawyer tell the DOL that they did not employ Plaintiff. The Maliks' conduct in this regard is part

3

of a pattern of deceit—both during and after their employment of Plaintiff—designed to conceal their abject failure to pay Ms. Lama in accordance with law.[1]

Mr. Malik now claims that he never saw the letter his lawyer sent to the DOL on his behalf or made the statements attributed to him, but Plaintiff does not have to take Mr. Malik's word for it (just as Plaintiff does not have to accept the Maliks' self-serving claim to have paid Ms. Lama from bank accounts for which the Maliks have shown no documentary proof of payments). Plaintiff, and the factfinder, are entitled to hear Mr. Sharma's explanation of how the statement made its way into the letter. With a single exception where the privilege was waived (as described in Section C below), Plaintiff's questions on this issue will not tread upon attorney-client communications. Plaintiff intends to ask, for example, what steps Mr. Sharma took in responding to the letter, whether he talked to the Maliks in preparing the response (putting aside for the moment what may have been said), and whether it was his general practice to be truthful in responding to government inquiries. These inquiries will not have a "chilling effect" on attorney-client communications, in this case or any other. Nor will the testimony confuse the factfinder; to the contrary, this evidence will help the factfinder to assess the critical matter of the Maliks' honesty.

> C. **Judge Lindsay's Finding of Waiver Was Not "Clearly Erroneous or Contrary to Law."**

Judge Lindsay also did not commit clear error or rule contrary to the law in holding that the Maliks waived the attorney-client privilege over what they told Mr. Sharma concerning their employment of Plaintiff from September 2006 through August 2008. When the Maliks' attorney stated in writing to the DOL that his clients told him that they did not employ Ms. Lama, the

---

[1] For example, although the Maliks claim to have paid Ms. Lama regularly throughout the 12 years of her employment and, moreover, claim to know that she never worked more than 40 hours per week, they have produced *no* documentary evidence of wages paid and *no* documentary evidence of the hours that Ms. Lama worked.

privilege was waived as to what the Maliks in fact told him, and thus Plaintiff is entitled to ask that very question. That is particularly so where the statement to the DOL is the opposite of the Maliks' sworn testimony in this lawsuit.

The Maliks contend that it would unfair to find waiver due to a "turn of phrase" that Mr. Sharma used in the letter. Br. at 3. But when the phrase turned amounts to "My client told me," the attorney-client privilege is waived. That is especially so where the communication was intended to dissuade the DOL from further investigating the Maliks. *See United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (a client may not "disclose some selected communications for self-serving purposes").

The Maliks want to foreclose any questioning of Mr. Sharma, but at the same time try to avoid a finding of waiver by claiming that they did not know of or authorize Mr. Sharma's statement to DOL. They cannot have it both ways. In any event, it is well established that "[a] client may . . . by his actions impliedly waive the privilege or consent to disclosure." *In re von Bulow*, 828 F.2d 94, 101 (2d Cir. 1987); *see also In re Grand Jury Subpoenas Dated Dec. 18, 1981 & Jan. 4, 1982*, 561 F. Supp. 1247, 1254 n.3 (E.D.N.Y. 1982) (client's consent to waive the privilege "need not be express"). "[I]t is the client's responsibility to insure continued confidentiality of his communications." *von Bulow*, 828 F.2d at 101; *see also Vill. of Kiryas Joel Local Dev. Corp. v. Ins. Co. of N. Am.*, No. 90 Civ. 4970, 1992 WL 15044, at *1 (S.D.N.Y. Jan. 17, 1992) ("disclosure constitutes waiver unless the party claiming the privilege is powerless to prevent the disclosure"). If the Maliks' improbable version of events is to be believed, they failed to take even the rudimentary step of reading the letter that their lawyer sent to the DOL on their behalf. "It is not asking too much to insist that if a client wishes to preserve the privilege . . . he must take some affirmative action to preserve confidentiality," and a client who does not

5

even bother to learn what his lawyer is saying on his behalf is hardly making an effort to preserve confidentiality. *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973).

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Maliks' objections and affirm Judge Lindsay's order.

Dated: March 14, 2014

WILMER CUTLER PICKERING
HALE AND DORR LLP

By: /s/ Jeremy S. Winer
Jeremy S. Winer
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Tel.: (212) 230-8800
Fax: (212) 230-8888
Email: jeremy.winer@wilmerhale.com

*Counsel for Plaintiff Urmila Lama*