DIANE KREBS, ESQ.
DKREBS@GORDONREES.COM

**GORDON & REES LLP**

ATTORNEYS AT LAW
90 BROAD STREET, 23RD FLOOR
NEW YORK, NY 10004
PHONE: (212) 269-5500
FAX: (212) 269-5505
WWW.GORDONREES.COM

June 6, 2014

**Via ECF**
Honorable Leonard D. Wexler, U.S.D.J.
U.S. District Court, Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      Re:    *Urmila Lama v. Joginder ("Shammi") Malik, et al.*
              Index No. CV-13-2846 (LDW)(ARL)

Dear Judge Wexler:

      As Your Honor knows, we are counsel to Kamaljit and Harsimran Singh (the "Singh Defendants"). We write to advise the Court of the Singh Defendants' intention to file a motion for summary judgment. The bases for this motion are briefly outlined below.

      By way of background, this is a wage and hour case in which the Plaintiff, Urmila Lama, has asserted a handful of time-barred state and federal claims for unpaid wages against (i) her former employers, Joginder and Neeru Malik (the "Malik Defendants"), and (ii) two individuals who merely resided in the same home as Plaintiff and the Malik Defendants over 15 years ago: the Singh Defendants. Insofar as the Singh Defendants are concerned, Plaintiff's Amended Complaint alleges: (i) minimum wage violations under the Fair Labor Standards Act ("FLSA") (Fourth Claim for Relief); (ii) minimum wage, overtime, spread of hours and frequency of payment violations under the New York State Labor Law and/or its regulations ("NYLL") (Fifth through Eighth Claims for Relief); (iii) conversion (Ninth Claim for Relief); and (iv) unjust enrichment/*quantum meruit* (Eleventh Claim for Relief). However, as set forth below, these claims are time-barred by their respective statutes of limitations and also fail on the merits.

**I.**      **Plaintiff's FLSA Claim Is Untimely**

      FLSA claims are subject to a two year statute of limitations, except in cases of "willful violations," in which case it is extended to three years. 29 U.S.C. § 255(a); *Lee v. ABC Carpet & Home*, 236 F.R.D. 193, 198 (S.D.N.Y. 2006). "[F]or the purposes of establishing the statute of limitations under the FLSA, a new cause of action accrues with each payday following an allegedly unlawful pay period." *Id.* at 198 (citations omitted). Here, Plaintiff's FLSA claim against the Singh Defendants is time-barred, as it is based upon work Plaintiff allegedly performed for them between September 1996 through 2000, and during a few brief visits to their home in other states, the latest of which occurred in 2007. Seeing that Plaintiff did not file her Complaint in this matter until May 14, 2013 -- more than five years after the last date on which she even alleges that she worked for the Singh Defendants – her FLSA claim is untimely.

      Although Plaintiff will attempt to evade the FLSA's statute of limitations by invoking the

Honorable Leonard D. Wexler, U.S.D.J.
June 6, 2014
Page 2

doctrine of equitable tolling, the undisputed facts preclude the application of this doctrine as a matter of law. In order to equitably toll the statute of limitations, Plaintiff must show that (1) she "acted with reasonable diligence during the time period she seeks to have tolled," and (2) the circumstances are so extraordinary that the doctrine should apply. *Zerilli-Edelglass v. New York City Transit Auth.,* 333 F.3d 74, 80-81 (2d Cir. 2003) (citation omitted). Here, Plaintiff neither acted with reasonable diligence nor has demonstrated extraordinary circumstances. During her employment, Plaintiff took no action to ascertain or pursue her rights. Although Plaintiff attempts to justify her failure to act by alleging in the pleadings she was not allowed to leave the home or speak with anyone about her situation, she testified during her deposition that during her employment nobody ever prohibited her from leaving the home, from making friends, or from speaking with others about her employment, and she came and went as she pleased. Indeed, even after Plaintiff voluntarily quit her employment in August 2008 because she believed that she was being unfairly compensated, was then specifically informed by multiple individuals that she had been underpaid, and was urged to file a lawsuit under the FLSA (all of which took place in 2008 and 2009), Plaintiff still took no action. When asked why she failed to file a lawsuit even after being urged by multiple individuals to do so, Plaintiff candidly testified that she simply was not ready. Under these circumstances, there is no legal basis for invoking the extreme doctrine of equitable tolling to save Plaintiff's time-barred FLSA claim from dismissal.

## II.     **Plaintiff's NYLL Claims Are Untimely**

Claims under the NYLL are subject to a six year statute of limitations, which accrue "on the next regular payday following the work period when services are rendered." *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 198 (2d Cir. 2013) (citations omitted). Here, there is no dispute that the Singh Defendants moved out of the state of New York in 2000, after which the only work Plaintiff claims to have performed for the Singh Defendants was at their home in other states during her few brief visits. Thus, even if Plaintiff's allegations in this case were true (which they are not), none of these visits would render Plaintiff's NYLL claims timely, as such work would have been performed in another state, for an out-of-state "employer," which is outside the reach of the NYLL. Moreover, as with her FLSA claims, Plaintiff's testimony precludes the equitable tolling of the statute of limitations on her NYLL claims for any period of time in this case. Plaintiff's NYLL claims are thus ripe for summary judgment.

## III.    **The Singh Defendants Were Not Plaintiff's "Employer" At Any Point In Time**

In order to hold the Singh Defendants liable for any of alleged FLSA and NYLL violations, Plaintiff must first establish she was "employed" by the Singh Defendants during the relevant time period. *See Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012) (FLSA); *Ho v. Target Constr. of NY, Corp.*, No. 08-CV-4750 (KAM) (RER), 2011 U.S. Dist. LEXIS 33365, at *38-39 (E.D.N.Y. Mar. 28, 2011) (NYLL). In the context of domestic workers, the Second Circuit has identified several factors to consider, including "(1) the employer's ability to hire and fire the employee; (2) the method of recruiting or soliciting the employee; (3) the employer's ability to control the terms of employment, such as hours and duration; (4) the presence of employment records; (5) the expectations or promises of compensation; (6) the flow of benefits from the relationship; and (7) the history and nature of the parties' relationship aside from the domestic labor." *Id.* at 330-31. A similar standard has been used to determine employer status under the NYLL. *See Ho*, 2011 U.S. Dist. LEXIS 33365 at *38-39.

Assessed against this backdrop, the undisputed facts of this case reveal that the Singh

Defendants were never Plaintiff's "employer." They did not hire Plaintiff; they did not recruit or solicit her services; they did not control her work schedule or terms of employment; they had no involvement in setting, discussing or paying her compensation; and they never informed Plaintiff that they considered her their employee or promised her any compensation. Indeed, Plaintiff acknowledges that every single conversation she had regarding her compensation or terms of employment was with one or both of the Malik Defendants, and nobody else. Under these circumstances, Plaintiff cannot establish that the Singh Defendants were her "employer." Accordingly, Plaintiff's FLSA and NYLL claims are ripe for summary judgment.

### IV. Plaintiff's Claims For Conversion And Unjust Enrichment Are Untimely

Common law conversion claims are subject to a three-year statute of limitations, *Manliguez v. Joseph*, 226 F. Supp. 2d 377, 387 (E.D.N.Y. 2002), while unjust enrichment and *quantum meruit* claims are subject to a six-year statute of limitations. N.Y. C.P.L.R. § 213. The latest possible date on which these limitation periods would have started to run would be the last date on which Plaintiff allegedly performed compensable services for the Singh Defendants in New York, *i.e.,* in 2000. *See Manliguez*, 226 F. Supp. 2d at 387 (conversion); *L.I. Head Start Child Dev. Servs. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 558 F. Supp. 2d 378, 409 (E.D.N.Y. 2008) (unjust enrichment) Thus, for the same reasons that Plaintiffs' FLSA and NYLL claims are time-barred, so too are these claims against the Singh Defendants.

### V. Plaintiff Has Failed To Establish A Claim For Conversion Against The Singh Defendants

As explained more fully in the Singh Defendants' motion to dismiss (which is still outstanding), Plaintiff cannot proceed with a conversion claim based upon an alleged obligation by the Singh Defendants to pay her wages. *Ehrlich v. Howe*, 848 F. Supp. 482, 492 (S.D.N.Y. 1994). Rather, in order to establish a cause of action for conversion with regard to monetary funds, Plaintiff must demonstrate that (a) she had ownership, possession or control of the money before it was converted, and (b) the money at issue was specifically segregated from other funds possessed by the Singh Defendants. *DeSilva v. North Shore-Long Island Jewish Health Sys.*, No. 10-CV-1341 (JFB)(ETB), 2012 U.S. Dist. LEXIS 30597, at *35 (E.D.N.Y. Mar. 7, 2012). Here, Plaintiff has not identified any property the Singh Defendants allegedly converted, nor has she identified any specifically segregated funds in the Singh Defendants' possession.

In stating the above bases, the Singh Defendants respectfully reserve their right to supplement their motion as determined by further research and to rely on any applicable arguments presented by the Malik Defendants. Thank you for your consideration in this matter.

Respectfully submitted,

GORDON & REES LLP

*/s/ Diane Krebs*

Diane Krebs

cc: All counsel of record (via ECF)