UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

URMILA LAMA,

                Plaintiff,

        -against-

JOGINDER ("SHAMMI") MALIK, NEERU
MALIK, KAMALJIT ("MINU") SINGH, and
HARSIMARAN,

                Defendants.

-------------------------------------------------------------X

APPEARANCES:

MEMORANDUM AND ORDER

CV 13-2846

(Wexler, J.)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   SEP 0 9 2015   ★

**LONG ISLAND OFFICE**

WILMER CUTLER PICKERING HALE AND DORR LLP
By:    Lori A. Martin, Esq.
       Jeremy S. Winer, Esq.
       Chavi Keeney Nana, Esq.
       Andrew Sokol, Esq.
       Eric John Paredes, Esq.
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Attorneys for Plaintiff Urmila Lama

URBAN JUSTICE CENTER
By:    David Colodny, Esq.
123 William Street, 16th Floor
New York, NY 10038
Attorneys for Plaintiff Urmila Lama

MEYERS FRIED-GRODIN, LLP
By:    Jonathan Meyers, Esq.
350 Fifth Avenue, 59th Floor
New York, NY 10018
Attorneys for Defendants Joginder Malik and Neeru Malik

WEXLER, District Judge:

      Plaintiff Urmila Lama ("Lama" or "Plaintiff") brings this action under the Trafficking

-1-

Victims Protection Reauthorization Act ("TVPRA") of 2008, 18 U.S.C. § 1595, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) and the New York McKinney's Labor Law, § 190, *et. seq.* ("NYLL") seeking compensation for work she performed and injuries she allegedly suffered while working as a domestic worker for the Defendants Joginder (Shammi) and Neeru Malik ("Defendants").[1]  Plaintiff also brings state law claims for conversion, fraud and unjust enrichment.  Before the Court is the Defendants' motion for summary judgment, which is denied without prejudice to renew following an evidentiary hearing to be held on whether equitable tolling applies to Plaintiff's claims.

## BACKGROUND

I.    Factual Background

Familiarity with the facts of this case is assumed.[2]  For ease of discussion of the issues presented here, a brief statement of the facts taken from the parties' submissions are as follows:

Plaintiff began working as a housekeeper in Nepal for Mr. Pritam Singh, the father of Defendant Neeru Malik.  In September 1996, Plaintiff came to the United States, and lived with and worked for Defendants in their home in Glen Cove, New York.  Plaintiff claims that she worked seven (7) days per week, with no days off, working from 7:00am until 10:00 or 11:00 pm, with three (3) short breaks for meals, cooking, cleaning, doing laundry, and providing childcare.

Plaintiff claims that while she worked for Defendants, she was not allowed the leave the

---

[1]Claims against Defendants Kamaljit Singh and Harsimaran Singh were dismissed pursuant to a Stipulation and Order of Dismissal.  ECF entry 89.

[2]The allegations of Plaintiff's Amended Complaint are detailed in this Court's previous ruling on Defendants' partial motion to dismiss.

house unaccompanied, did not speak or read English, knew no other people in the United States other than Defendants, and had only sporadic contact with her family in Nepal.  Plaintiff also claims she was forced to sleep on the floor and with little or no privacy, and that if she left the house or traveled with the family, it was to work or provide childcare.[3]  Defendants dispute Plaintiff's allegations, claiming Plaintiff wanted to come to the United States, was never prevented from leaving the house, and was seen on various occasions outside the house, either at the supermarket or the beach alone.  Defendants also deny that she was precluded from contacting her family, and was in fact given her own phone line.  Defendants assert she was treated like family, and never complained to them or her own relatives that she was being mistreated in any way.

In August of 2008, Plaintiff traveled to Nepal with the Defendants, and while there, Plaintiff told Defendants she did not want to return to the United States with them and stayed.  In 2009, Plaintiff returned to the United States by her own volition and has been working her since that time.   Plaintiff became affiliated with Adhikaar, a Nepalese social justice organization, where she took English classes.  Plaintiff acknowledges that sometime in 2009, a staff member of Adhikaar informed her that she had legal rights to compensation for the work she performed while living with the Maliks, but she did not receive more specific information.  Also in 2009 once back in the United States, Plaintiff learned that the green card Defendants had applied for on her behalf had actually been issued in 2006 but withheld from her.  In July 2012, Plaintiff met

---

[3]Although not alleged in the Amended Complaint, Plaintiff asserts in her papers submitted in opposition to this motion that she forced to massage Defendant Shammi Malik, including on his groin area, on various times and was forced to have sex with him.  See e.g., Plaintiff's Responses to Defendants' Rule 56.1 Statement, at 21, 24, 26.

with a lawyer for the first time concerning her rights to recover unpaid wages, and in September 2012, Plaintiff filed a complaint with the New York State Department of Labor. This action was filed on May 14, 2013. ECF entry 1.

## DISCUSSION

Defendants move for summary judgment, claiming there are no material factual disputes that warrant a trial. One consistent issue throughout Defendants' motion is that Plaintiff, who left the Defendants in 2008, is time-barred from bringing these claims in 2013. Plaintiff asserts her claims are timely,[4] and even so, she is entitled to equitable tolling based on the circumstances of this case.

A statute of limitations may be subject to equitable tolling to prevent unfairness to a plaintiff who is late in filing through no fault of her own. Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011). It is "an extraordinary measure that applies only when plaintiff is prevented from filing despite exercising that level of diligence which could reasonably be expected in the circumstances." Gonzalez v. Hasty, 651 F.3d 318, 322 (2d Cir. 2011) (quoting Veltri v. Bldg. Serv. 32B–J Pension Fund, 393 F.3d 318, 322 (2d Cir. 2004)).

"To qualify for equitable tolling, the plaintiff must establish that extraordinary circumstances prevented [her] from filing [her] claim on time, and that [s]he acted with reasonable diligence throughout the period [s]he seeks to toll." Parada v. Banco Industrial De

---

[4]For example, Defendants argue that Plaintiff's claims under the TVPRA are governed by the four year statute of limitation that existed at the time that Plaintiff worked for Defendants. Plaintiff argues that the ten year statute of limitations that currently governs such claims and did at the time this complaint was filed, applies. Since the Court finds it necessary to address first the preliminary question of whether equitable tolling applies to all of Plaintiff's claims, it does not address the issue of which statute of limitations applies to Plaintiff's TVPRA claim at this time.

Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014) (citing Phillips v. Generations Family Health

Ctr., 723 F.3d 144, 150 (2d Cir. 2013) (quotation marks and alterations omitted));

Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80-81 (2d Cir. 2003).

Plaintiff bears the burden of demonstrating that equitable tolling applies.  Upadhyay v. Sethi, 848

F.Supp.2d 439, 445 (S.D.N.Y. 2012)

When equitable tolling applies, the statute of limitations begins to run when "'the

plaintiff either acquires actual knowledge of the facts that comprise his cause of action or should

have acquired such knowledge through the exercise of reasonable diligence after being apprised

of sufficient facts to put him on notice.'"  Statler v. Dell, Inc., 775 F.Supp.2d 474, 482 (E.D.N.Y.

2011) (citing Cerbone v. International Ladies' Garment Workers' Union, 768 F.2d 45, 48 (2d Cir.

1985).  The toll applies when the plaintiff acts with reasonable diligence and it is justified by

"extraordinary circumstances." Id., at 482-483; Parada, 753 F.3d at 71.

The Court directs that an evidentiary hearing be held to determine if Plaintiff is entitled to

equitable tolling under these circumstances.  Notably, there are factual issues relating to the

information Plaintiff received in 2009 from an Adhikaar staff member regarding her legal rights,

until the time that she met with a lawyer in July 2012.  Such facts need to be evaluated to

determine if exceptional circumstances exist and whether Plaintiff was reasonably diligent to

benefit from equitable tolling.  It is within the ambit of the court to resolve questions of equity,

including the applicability of equitable tolling to statutes of limitations, when such factual

questions are separate from the merits of the case.  See Upadhyay v. Sethi, 848 F.Supp.2d 439,

446-447 (S.D.N.Y. 2012) (denying defendant's motion for summary judgment and directing an

evidentiary hearing to resolve factual issues regarding whether plaintiff is entitled to equitable

tolling of the statute of limitations) (citing Mandarino v. Mandarino, 180 Fed.Appx. 258, 261 (2d Cir. 2006) (other citations omitted)).

Other courts have similarly held hearings to determine if equitable tolling applies. See Moreno v. 194 East Second Street LLC, 2013 WL 55954, *3 (S.D.N.Y. 2013) (proper course is for court to hold an evidentiary hearing where there are factual disputes relating to equitable tolling and those disputes are "separable from the merits of the underlying claims"); Wen Liu v. Mount Sinai Sch. of Med., No. 09 Civ. 9663 (RJS), 2012 WL 4561003, at *7 & n. 5 (S.D.N.Y. Sept. 24, 2012) (citing cases) (court conducted an evidentiary hearing to decide whether a party is entitled to equitable tolling); Sinha v. N.Y.C. Dep't of Educ., 127 F. App'x 546, 547 & n.1 (2d Cir. 2005) (district court did not abuse its discretion in holding an evidentiary hearing on whether plaintiff was entitled to equitable tolling, making credibility findings and concluding she was not); Uupadhyay v. Sethi, No. 10 Civ. 8462 (NRB), 2012 WL 3100601, at *4-5 (S.D.N.Y. July 31, 2012) (following an hearing, the court finds no "exceptional circumstances" exist to warrant tolling); DD v. Lincoln Hall, No. 09 Civ. 861 (CS), 2010 WL 695027, at *7–8 (S.D.N.Y. Feb. 19, 2010) (conducting an evidentiary hearing to resolve disputed issues of fact regarding whether plaintiff is entitled to equitable tolling of the limitations period); Vincent v. Wal-Mart Store 3420, No. 10 Civ. 5536 (JFB), 2012 WL 3800833, at *5 (E.D.N.Y. September 4, 2012) (court may hold an evidentiary hearing where there is a factual dispute on equitable tolling issues prior to trial on the merits) (citations omitted).

For the foregoing reasons, the Court directs that it will conduct a hearing on October 15, 2015 to determine whether Plaintiff is entitled to have the limitations period on her claims equitably tolled.  Defendants' motion for summary judgment is denied without prejudice to be

renewed following that hearing.

CONCLUSION

For the reasons stated above, Defendants' motion for summary judgment is denied without prejudice to be renewed following an evidentiary hearing to be held on October 15, 2015 at 9:30am.

SO ORDERED.

s/ Leonard D. Wexler

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
      September 9, 2015

-7-